UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation | MDL No. 1668 |
| Middleton v. Raines, et al. | Civil Action No. 1:07-cv-01221<br><br>Judge Richard J. Leon |

**DEFENDANTS' MOTION TO DISMISS MIDDLETON'S
SHAREHOLDER DERIVATIVE COMPLAINT**

Upon plaintiff Arthur Middleton's [Demand Refused] Verified Shareholders' Derivative Complaint For Breach Of Fiduciary Duty, Abuse of Control, Gross Mismanagement, Constructive Fraud, Corporate Waste, Unjust Enrichment And Violations Of The Sarbanes-Oxley Act of 2002, Seeking Equitable Relief And Damages ("Middleton Complaint"), and all prior pleadings and proceedings herein, Nominal Defendant Fannie Mae hereby moves this Court for an order dismissing the Middleton Complaint for lack of standing as set forth in the accompanying Memorandum Of Law In Support Of Motion To Dismiss Middleton's Shareholder Derivative Complaint.

Dated: October 3, 2007

                                                        /s/ Jeffrey W. Kilduff
                                              Jeffrey W. Kilduff (D.C. Bar No. 426632)
                                              Robert M. Stern (D.C. Bar No. 478742)
                                              Natasha Colton (D.C. Bar No. 479647)
                                              Michael J. Walsh, Jr. (D.C. Bar No. 483296)
                                              O'Melveny & Myers LLP
                                              1625 Eye Street, N.W.
                                              Washington, DC  20006
                                              T:  202/383-5300
                                              F:  202/383-5414
                                              ***Counsel to Nominal Defendant Fannie Mae***

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | MDL No. 1668 |
| **Middleton v. Raines, et al.** | Civil Action No. 1:07-cv-01221<br><br>Judge Richard J. Leon |

**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS MIDDLETON'S SHAREHOLDER DERIVATIVE COMPLAINT**

Fannie Mae, through undersigned counsel, hereby submits the attached memorandum of law in support of its motion to dismiss putative derivative plaintiff Arthur Middleton's complaint for lack of standing. Middleton concedes that he has not made a demand on Fannie Mae's Board of Directors ("Board") in accordance with the requirements of Fed. R. Civ. P. 23.1. Nevertheless, Middleton seeks to assert derivatively an action on behalf of Fannie Mae based on the Board's allegedly improper refusal to act on a demand made on the Board by *another shareholder*. The law in this district prohibits attempts to piggyback on the demand of another shareholder as a basis for bringing a demand-refused shareholder derivative action. The Court therefore need not look past this threshold issue to dismiss Middleton's complaint.

## PROCEDURAL HISTORY

Just over three years have passed since the first putative derivative plaintiff, Hedda Rudoff, filed the first of twelve shareholder derivative lawsuits against current and former officers and directors of Fannie Mae. Over the past three years, the Court consolidated all of those cases into the Consolidated Case, appointed two Co-Lead Plaintiffs and Co-Lead Counsel to represent the interests of all shareholder derivative plaintiffs and speak to the Court on their behalf, and, after full briefing and argument, dismissed the shareholder derivative causes of action. Co-Lead Counsel (who notably also represent plaintiff Middleton in this action) filed a timely notice of appeal in this Court, and the Consolidated Case was transferred to the D.C. Circuit, where it has been assigned Case No. 07-7108. Despite the fact that Middleton's action is only three months old and has very little procedural history of its own, the three-year history of the Consolidated Case is relevant for context and therefore recounted below.

Between September 2004 and January 2005, after plaintiff Rudoff filed her putative shareholder derivative action, nine other putative derivative plaintiffs filed a total of twelve

putative shareholder derivative actions against current and former officers and directors of Fannie Mae. Middleton's lawyers represented two of those plaintiffs, Wayne County Employees Retirement System and Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust. On October 20, 2004, Pirelli filed a shareholder derivative action alleging that any demand on Fannie Mae's Board would have been futile. On December 22, 2004, Wayne County filed a shareholder derivative action also alleging that any demand on Fannie Mae's Board would have been futile.

On January 12, 2005, the Court held a status conference in all of the shareholder derivative actions then pending in this Court in order to hear the parties' views on some of the difficult case management issues the Court was then facing. Specifically, the Court asked for the parties' respective positions on the issue of whether all of the derivative cases then pending could be consolidated and whether the parties supported the appointment of a lead plaintiff and lead counsel to manage the consolidated litigation. *See* Jan. 12, 2005 Hearing Tr. at 12:3-6 ("I look to counsel to make suggestions along the way that they believe will streamline things and increase efficiency, increase the expeditious resolution of these matters."). Middleton's counsel, on behalf of their other clients Wayne County and Pirelli, argued in support of consolidation. They contended that consolidation was necessary in order to avoid duplicative litigation,[1] and stressed how important it was that they be able to dictate the strategic direction and outcome of the litigation. *Id.*, at 30:21-23.

The Court invited all parties to brief the issues of consolidation and leadership, *id*. at 23-24, and one week later, Wayne County filed a Corrected Motion to Consolidate and Appoint

---

[1] *See* Jan. 12, 2005 Hearing Tr. at 27:20 – 28:1 ("my client is similarly concerned about that duplicative structure; and the one thing that I have been sent with a message to this Court and to the lawyers on this side of the table is that this case will be prosecuted for the benefit of the company and the shareholders. And secondly, and just as important I think, is it will be done efficiently").

Lead Plaintiff. In those papers, in addition to addressing issues of efficiency (Wayne Co. Corrected Mot. to Consolidate at 3, 9) and the importance of client oversight (*id.* at 3, 4, 19), Wayne County specifically addressed the issue of whether, if appointed lead plaintiff over the entire consolidated shareholder derivative action, it could effectively represent the interests of putative derivative plaintiff James Kellmer, who was the only derivative plaintiff alleging that he had actually made a demand on Fannie Mae's Board. In response to plaintiff Kellmer's contention that Wayne County and Pirelli could not effectively represent the interests of a shareholder who had actually made a demand on the Fannie Mae Board to pursue claim, the same attorneys who represent Middleton argued:

> [t]here is no substantive difference in prosecuting a derivative case in which a demand was made on a board of directors ("Demand Made case") and one in which it has been alleged that no demand was made because demand would be futile ("No Demand case"). One or the other is required before any action can be brought to "enforce a right of a corporation." Fed. R. Civ. P. 23.1. In either case, "[t]he complaint shall allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires ... or [the reasons] for not making the effort."

(Wayne Co. Corrected Mot. to Consolidate at 21-22.)

With the benefit of extensive briefing and argument on the issues of consolidation and leadership, the Court issued an order on February 14, 2005 adopting the arguments advanced by Wayne County and consolidating all of the outstanding shareholder derivative cases into Case No. 04-1783 ("Consolidation Order"). The Court held that:

> [n]otwithstanding Plaintiff Kellmer's … arguments that "demand made" and "demand futile" [cases] should not be consolidated into one action, the Court finds that this distinction is insufficient to necessitate separate actions at this point in the litigation. Accordingly, all of the above-referenced actions, and any future-filed or transferred cases based on the same facts as those alleged in these actions, will be consolidated into the first filed action.

3

(Consolidation Order at 4-5.) The Court further appointed Wayne County Employees' Retirement System and Pirelli Armstrong Tire Corporation Retiree Medical Benefits Trust to act as Co-Lead Plaintiffs, and appointed lawyers from the Barrett Johnston and Lerach Coughlin (now Coughlin Stoia) law firms as Co-Lead Counsel. (Consolidation Order at 5-7.)

On the same day, the Court also entered Pretrial Order #1 ("PTO #1") in the newly Consolidated Shareholder Derivative action. PTO #1 stated that "Plaintiffs' Co-Lead Counsel shall [h]ave the authority to speak for plaintiffs in matters regarding pretrial procedure, trial and settlement negotiations…." (PTO #1 at 6.) PTO #1 further stated that "Co-Lead Plaintiffs shall file and serve a Consolidated Complaint for the Consolidated Action…. The Consolidated Complaint *will supersede all existing complaints filed in this action*." (*Id.* at 7 (emphasis added).) Pursuant to PTO #1, all putative derivative plaintiffs' cases were consolidated into the Consolidated Case and their respective individual dockets were closed. PTO #1 also provided that "[w]hen a case that arises out of the same subject matter of the Consolidated Action is hereinafter filed in this Court or transferred from another court," the clerk shall file PTO #1 in the new matter, consolidate it into the Consolidated Case, and close the docket for the newly filed or transferred case. (PTO #1 at 5.) PTO #1 also provided a mechanism through which parties who disagreed with the Court's Consolidation Order could apply for relief from its terms within ten days of its entry. (PTO #1 at 5.) By failing to do so, parties effectively conceded that they would be bound by any decisions Co-Lead Counsel might make on behalf of all shareholder derivative plaintiffs in styling the Consolidated Complaint and prosecuting the Consolidated Case.

Pursuant to PTO #1, Co-Lead Plaintiffs filed an amended complaint in the Consolidated Case on September 26, 2005, and then filed a First Amended Consolidated Complaint on

4

September 1, 2006.  In each complaint, Co-Lead Plaintiffs chose not to pursue a demand refused theory of the case, instead opting to contend that demand on the Board was futile, effectively withdrawing Kellmer's September 2004 demand.  (*See* Co-Ld. P's Cons. Compl. ¶¶ 77-126; Co-Ld. P's First Am. Cons. Compl. ¶¶ 90-147.)  Neither complaint even referenced Kellmer's September 2004 demand.  In fact, the Co-Lead Plaintiffs vehemently opposed a belated attempt by Kellmer to resuscitate his September 2004 demand refused theory of the case on February 6, 2007.  (*See* Lead Pls. Mem. in Opp. to James Kellmer's Mot. to Intervene [Case No. 04-1783, D.E. 178].)

On May 31, 2007, the Court dismissed Co-Lead Plaintiffs' First Amended Consolidated Complaint in the Consolidated Case for failure to make a demand pursuant to the requirements of Fed. R. Civ. P. 23.1.  Co-Lead Plaintiffs filed a notice of appeal with this Court, and this Court transmitted the Consolidated Case to the D.C. Circuit, where it was assigned Case No. 07-7108.  On July 5, 2007, Middleton, through the same Co-Lead Counsel who just days earlier had filed a notice of appeal on behalf of their other clients Wayne County and Pirelli, filed the above-captioned action in this Court.

## ARGUMENT

Middleton lacks standing to litigate the allegedly improper refusal of Kellmer's demand.[2]  *See Judicial Watch, Inc. v. Deutsche Bank*, No. 99-2566, 2000 U.S. Dist. LEXIS 6153, at *11 (D.D.C. Apr. 28, 2000).  That failure provides a conclusive and compelling basis for dismissal.[3]  Fed. R. Civ. P. 23.1 requires that a shareholder derivative complaint shall:

---

[2] Defendants do not concede that Kellmer's demand was either appropriate or improperly refused, and expressly reserve their rights to challenge any assertion to the contrary in future briefing, if necessary.

[3] At the August 30, 2007 status conference, the Court asked the parties to brief the issue of whether the Court had subject matter jurisdiction over the Kellmer and Middleton actions.  With respect to the Kellmer action, it is clear that the Court does not, and Fannie Mae will brief that issue in its motion to dismiss Kellmer's case.  With respect to the Middleton action, given the procedural posture of this case, the issue of jurisdiction raises novel and complicated

>allege with particularity the efforts, if any, made by the plaintiff to obtain the action the plaintiff desires from the directors or comparable authority and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort.

Middleton's complaint contains no such allegations. Middleton's complaint does not allege that he made a demand on the Board pursuant to the requirements of Rule 23.1. (Middleton Compl. ¶¶ 13, 51.) Nor does Middleton's complaint allege that demand on the Board would have been futile, which Rule 23.1 requires in the absence of specific demand allegations, and Middleton's counsel confirmed that Middleton's action was not a demand futility action. *See* Aug. 30, 2007 Hearing Tr. at 29:7-20. Indeed, the *only* reference in Middleton's complaint to an allegedly wrongfully refused demand is to the rescinded demand of another party – specifically, "a shareholder demand pursuant to the Rule 23.1 of the Federal Rules of Civil Procedure dated September 24, 2004." (*Id.*) Having failed to make a demand on the Board, Middleton lacks standing to pursue the claim he now asserts.[4]

This Court has held that a plaintiff in a shareholder derivative action lacks standing and cannot rely on an earlier demand made by another shareholder to satisfy the demand requirement of Rule 23.1. *See Judicial Watch, Inc. v. Deutsche Bank*, No. 99-2566, 2000 U.S. Dist. LEXIS

---

issues. Given the relative strength of the straightforward standing argument, we respectfully submit that, in the interest of judicial economy, the Court need not consider the issue of subject matter jurisdiction at this time. While a court must decide threshold questions like standing and subject matter jurisdiction before looking to the merits of the case, *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 838, 101 (1998), there is no hierarchy or set order in which the Court must consider them. *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 127 S. Ct. 1184, 1191 ("federal court has leeway 'to choose among threshold grounds for denying audience to a case on the merits'"), *citing Ruhrgas A.G. v. Marathon Oil Co.*, 526 U.S. 574, 585 (1999)). Courts are therefore free to look at whichever threshold question would most expeditiously resolve the case. *Moms Against Mercury v. FDA*, 483 F.3d 824, 826 (D.C. Cir. 2007) (where both standing and subject matter jurisdiction are at issue, a court may inquire into either and, finding it lacking, dismiss the matter without reaching the other). Here, there can be little doubt that dismissing Middleton's complaint for lack of standing is an expeditious resolution that does not require the Court to consider novel issues of first impression. Therefore, the Court does not even have to reach the other threshold issue of subject matter jurisdiction.

[4] Middleton's attempted reliance on Kellmer's September 2004 demand is especially curious given that Middleton's counsel, who were appointed by the Court to serve as Co-Lead Counsel to Co-Lead Plaintiffs in the Consolidated

6

6153, at *11 (D.D.C. Apr. 28, 2000), *aff'd* No. 00-5187, 2000 U.S. App. LEXIS 13891 (D.C. Cir. May 21, 2001) (per curiam); *see also Kaplan v. Peat, Marwick, Mitchell & Co.*, 540 A.2d 726,731 n.2 (Del. 1988) (plaintiff in a shareholder derivative action "cannot effectively rely on an earlier demand made by another [shareholder] to satisfy [the demand requirement]."). In *Judicial Watch*, two putative derivative plaintiffs sought to prosecute a shareholder derivative action against PNC Bank based on a demand-refused theory by "piggybacking" on the demand of another shareholder. *Judicial Watch*, 2000 U.S. Dist. LEXIS 6153, at *11. The D.C. Circuit affirmed *Judicial Watch*, 2001 U.S. App. LEXIS 13891 (D.C. Cir. May 21, 2001) (per curiam) and that case remains good law to date in this District.

## CONCLUSION

Because Middleton's complaint fails to satisfy the threshold question of standing, this Court should dismiss it on this basis.

Dated:  October 3, 2007

      /s/ Jeffrey W. Kilduff
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Robert M. Stern (D.C. Bar No. 478742)
Natasha Colton (D.C. Bar No. 479647)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T:  202/383-5300
F:  202/383-5414
***Counsel to Nominal Defendant Fannie Mae***

---

Case, decided not to pursue Kellmer's demand when they styled their Consolidated Complaint as a demand futility action.

7

**CERTIFICATE OF SERVICE**

I certify that on October 3, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

      /s/ Michael J. Walsh, Jr.
      Michael J. Walsh, Jr.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |
| **Middleton v. Raines, et al.** | **Civil Action No. 1:07-cv-01221**<br><br>**Judge Richard J. Leon** |

**[PROPOSED] ORDER**

The Court, after considering Fannie Mae's Motion to Dismiss, hereby **ORDERS** that the motion is granted.

IT IS SO **ORDERED** on this _____ day of _____, 2007.

_____
RICHARD J. LEON
UNITED STATES DISTRICT JUDGE