**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |

| | |
|---|---|
| **Middleton v. Raines, et al.** | **Civil Action No. 1:07-cv-01221**<br><br>**Judge Richard J. Leon** |

## <u>ERRATA</u>

Defendant Fannie Mae respectfully submits the attached corrected reply in support of its motion to dismiss.  The previous version contained an erroneous citation to the appellate decision in *Judicial Watch*.  The dismissal of defendant PNC Bank from the lower court proceeding in *Judicial Watch* for lack of standing was not among the issues before D.C. Circuit at the time it affirmed Judge Hogan's decision.  While Judicial Watch initially named several PNC entities as parties to the appeal, Judicial Watch subsequently agreed not to prosecute its appeal of PNC's dismissal for lack of standing.  In exchange, PNC agreed that it would not seek to enforce an order from Judge Hogan requiring Judicial Watch and its lead attorney to pay certain costs and attorneys' fees incurred by PNC in connection with its defense.  The attached brief contains corrected citations to the *Judicial Watch* appellate opinion.

Dated:  December 10, 2007

                                /s/ Michael J. Walsh, Jr.                

Jeffrey W. Kilduff (D.C. Bar No. 426632)
Robert M. Stern (D.C. Bar No. 478742)
Natasha Colton (D.C. Bar No. 479647)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T:  202/383-5300
F:  202/383-5414
***Counsel to Nominal Defendant Fannie Mae***

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 10, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.


<u>       /s/ Michael J. Walsh, Jr.      </u>
Michael J. Walsh, Jr.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | **MDL No. 1668** |

| | |
|---|---|
| **Middleton v. Raines, et al.** | **Civil Action No. 1:07-cv-01221**<br><br>**Judge Richard J. Leon** |

## <u>REPLY IN SUPPORT OF MOTION TO DISMISS MIDDLETON'S SHAREHOLDER DERIVATIVE COMPLAINT</u>

Nothing in Middleton's opposition papers and the accompanying exhibit changes the fact that Middleton lacks standing to pursue his July 5, 2007 shareholder derivative complaint. Middleton fails to provide any authority supporting his proposition that the Court should disregard precedent from this District and allow Middleton to "piggyback" on another plaintiff's demand. Nor does Middleton's belated November 13, 2007 demand on Fannie Mae's Board of Directors ("Board") cure the fatal standing defect in Middleton's July 5, 2007 demand-refused complaint. By making his *post hoc* demand, Middleton in effect admits that he lacks standing to prosecute his original complaint. Both logic and well-settled law dictate that a demand must *precede* a complaint that is premised on that demand's allegedly wrongful refusal. Because the law in this district prohibits attempts to piggyback on the demand of another shareholder as a basis for bringing a demand-refused shareholder derivative action, the Court need not look past this threshold issue to dismiss Middleton's complaint.

I.    **MIDDLETON LACKS STANDING TO LITIGATE THE ALLEGEDLY
      IMPROPER REFUSAL OF KELLMER'S DEMAND**[1]

Middleton asks this Court to ignore the precedent established in *Judicial Watch, Inc. v.*

*Deutsche Bank*, No 99-2566, 2000 U.S. Dist. LEXIS 6153, at *11 (D.D.C. Apr. 28, 2000), *aff'd*

*on other grounds and as to other parties* No. 00-5187, 2000 U.S. App. LEXIS 13891 (D.C. Cir.

May 21, 2001) (per curiam)[2] because he disagrees with Judge Hogan's rationale for finding that

a plaintiff in a shareholder derivative action lacks standing where he attempts to rely on an

earlier demand made by another shareholder to satisfy the demand requirement of Rule 23.1.

(*See* Middleton Opp'n. at 4.)  The cases that Middleton offers as purportedly contrary authority

are inapplicable here.

In *Judicial Watch*, two putative derivative plaintiffs sought to prosecute a shareholder

derivative action against PNC Bank based on a demand-refused theory by "piggybacking" on the

demand of another shareholder.  *Judicial Watch*, 2000 U.S. Dist. LEXIS 6153, at *11.  Judge

Hogan held that those plaintiffs did not have standing to do so.  *Id*.  That case remains the law in

this District.  Yet, Middleton urges the Court to set *Judicial Watch* aside in favor of *Mullins v.*

*De Soto Sec. Co.*, 3 F.R.D. 432 (W.D. La. 1944), a 63-year old Louisiana district court case

considering the rights of proposed intervenor plaintiffs,[3] and *Maurer v. Johnson*, No. 9725, 1989

WL 997172 (Del. Ch. May 10, 1989), an unpublished Delaware Chancery Court letter ruling

---

[1] Defendants do not concede that Kellmer's September 2004 demand was either operative or improperly refused, and expressly reserve their rights to challenge any assertion to the contrary in future briefing, if necessary.

[2] While plaintiff Judicial Watch initially named the defendant dismissed for lack of standing, PNC Bank, as a party to the appeal, Judicial Watch subsequently agreed not to prosecute its appeal of PNC's dismissal for lack of standing.  In exchange, PNC agreed that it would not seek to enforce an order from Judge Hogan requiring Judicial Watch and its lead attorney to pay certain costs and attorneys' fees incurred by PNC in connection with its defense. *See* Order, *Judicial Watch, Inc. v. Deutsche Bank*, No 99-2566 (D.D.C. Feb. 6, 2001).

[3] Middleton also relies on another case regarding the rights of intervenor plaintiffs, *In re MAXXAM, Inc./Federated Dev. S'holders Litig.*, 698 A.2d 949, 956 (Del. Ch. 1996) as support for his position that he has standing to litigate his immediate complaint.  But Middleton is not seeking to intervene in any action.  Rather, he is attempting to prosecute his own demand-refused action by piggybacking another shareholder's demand.  The holding in *Judicial Watch* plainly prevents him from doing so.

2

considering a motion to dismiss a *demand futility* complaint for failure to make demand.  Neither

of these cases are relevant to the Court's analysis here.  Middleton is not a proposed intervenor

plaintiff nor has he filed a demand-futility case.  Rather, Middleton filed a stand-alone demand-

refused action despite his lack of standing to do so.  For that reason alone, the Court should

dismiss his case.

## II.    THE CONSOLIDATED CASES CANNOT SUBSTITUTE AS MIDDLETON'S DEMAND TO SUE FOR PURPOSES OF RULE 23.1

Fed. R. Civ. P. 23.1 requires that a shareholder derivative plaintiff shall:

> allege with particularity the efforts, if any, made by the plaintiff to
> obtain the action the plaintiff desires from the directors or
> comparable authority and, if necessary, from the shareholders or
> members, and the reasons for the plaintiff's failure to obtain the
> action or for not making the effort.

Middleton makes no such allegations in his complaint.  Middleton does not allege that he made a

demand on the Board pursuant to the requirements of Rule 23.1.  (Middleton Compl. ¶¶ 13, 51.)

Rather, Middleton offers an unprecedented proposition in his opposition papers – that "the

critical issue in pursuing [a] Demand-Refused [suit] . . . is whether the Board was sufficiently on

notice of shareholders' desire to have action taken."  (Middleton Opp'n at 2-3.)  Middleton

claims that Co-Lead Plaintiffs' efforts to prosecute the Consolidated Cases provided the Board

with sufficient notice that its shareholders desired to have some action taken and concludes that

the Board's refusal to act on that knowledge constitutes a refusal of a demand, making

Middleton's demand-refused suit appropriate.  (*Id.* at 1.)

There is no case law to support Middleton's novel proposition, and for good reason.

Middleton essentially argues that dismissal of every demand-futility complaint for failure to

make demand would then automatically convert to a demand-refused suit.  This is plainly not the

case.  It is well-settled that before a plaintiff may bring a demand-refused suit, he must first make

3

a demand for legal action on the corporation's directors. *See Grimes v. Donald*, 673 A.2d 1207 (Del. 1996). This requirement is far from a procedural formality; rather, "the demand requirement is a recognition of the fundamental precept that directors manage the business and affairs of corporations." *Aronson v. Lewis*, 473 A.2d 805, 812 (Del. 1984), *overruled on other grounds by Brehm v. Eisner*, 746 A.2d 244 (Del. 2000)). The demand requirement "exists at the threshold" that "insure[s] that a stockholder exhausts his intracorporate remedies" before making a claim in the corporation's name on his own. *Id.* at 811. A demand "must be more than pro forma; the plaintiff must make a serious request . . . and specify the nature of the activity in question." *Smachlo v. Birkelo*, 576 F. Supp. 1439, 1443 (D. Del. 1983). Courts only permit a plaintiff to file a complaint on a corporation's behalf after the plaintiff, by means of a demand, has given the corporation's directors the opportunity to consider whether the corporation should file the suit itself. *Hawes v. Oakland*, 104 U.S. 450, 460-61 (1882).

A demand-futility suit, on the other hand, places control of the prosecution of the suit in the hands of the shareholder-plaintiff and *eliminates* the directors' power to pursue (or refuse to pursue) the legal action sought by the plaintiff. This eliminates the central goal of the "demand" that must precede a demand-refused suit: giving the corporation's directors the opportunity to decide whether a particular lawsuit makes business sense for the corporation to pursue. Therefore, the "filing of the shareholders' derivative [*i.e.*, demand-futility] complaints could not have satisfied the demand requirement of the rule . . . [f]or such a demand *would not have afforded the directors the opportunity to make the judgment in the first instance* whether and in what manner action should be taken." *Shlensky v. Dorsey*, 574 F.2d 131,141-42 (3d Cir. 1978) (internal citation omitted) (emphasis added); *see also Lucking v. Delano*, 117 F.2d 159, 160 (6th Cir. 1941) ("the filing of the [demand-futility] complaint cannot be regarded as a demand to

4

sue"). And, with the consolidated demand-futility cases now on appeal, the Board remains in a

holding pattern until the D.C. Circuit resolves who controls the suit.

## III. THE COURT SHOULD NOT CONSIDER MIDDLETON'S NOVEMBER 13, 2007 DEMAND WHEN DETERMINING WHETHER TO DISMISS MIDDLETON'S JULY 5, 2007 DEMAND-REFUSED COMPLAINT

Middleton filed his demand-refused complaint on July 5, 2007. After reviewing Fannie

Mae's motion to dismiss, Middleton attempted to salvage his complaint by presenting the Board

with a demand on November 13, 2007, more than four months *after* he filed his complaint. (*See*

Middleton Opp'n. at Ex. A.) But the Court should not consider Middleton's November 13

demand when deciding whether to dismiss his July 5 demand-refused complaint. Rule 23.1

"specifically calls upon the complaint to show that demand was made or was properly excused;

there is no provision for thereafter remedying an omission in the same suit, especially after the

defendants have moved to dismiss because of the absence of a demand." *Grossman v. Johnson*,

674 F.2d 115, 125 (1st Cir. 1982). This makes sense, given that "the role of [the] demand is to

alert the director *before* suit is instituted." *Id.* (quotations omitted; emphasis added). By

attempting to cure the defect in his demand-refused complaint, Middleton has simply admitted

that the allegations in his July 5 complaint do not satisfy the pre-suit demand requirements of

Rule 23.1. Moreover, given the pending appeal, the Board cannot act on Middleton's new

demand since different plaintiffs (although represented by the same counsel) continue to claim

that the Board is incapable of acting on the demand.

**<u>CONCLUSION</u>**

Because Middleton's complaint fails to satisfy the threshold question of standing, this

Court should dismiss it on this basis.


Dated:  December 10, 2007

                                               /s/ Michael J. Walsh, Jr.
                                           Jeffrey W. Kilduff (D.C. Bar No. 426632)
                                           Robert M. Stern (D.C. Bar No. 478742)
                                           Natasha Colton (D.C. Bar No. 479647)
                                         Michael J. Walsh, Jr. (D.C. Bar No. 483296)
                                         O'Melveny & Myers LLP
                                         1625 Eye Street, N.W.
                                         Washington, DC  20006
                                         T:  202/383-5300
                                         F:  202/383-5414
                                         ***Counsel to Nominal Defendant Fannie Mae***

## CERTIFICATE OF SERVICE

I certify that on December 10, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.


       /s/ Michael J. Walsh, Jr.
       Michael J. Walsh, Jr.