UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **In Re Federal National Mortgage Association Securities, Derivative, and "ERISA" Litigation** | MDL No. 1668 |
| **Middleton v. Raines, et al.** | Civil Action No. 1:07-cv-01221<br><br>Judge Richard J. Leon |

## NOTICE OF FILING – RELATED CASE

On January 25, 2008, Fannie Mae filed a notice in this action of a related shareholder derivative action currently pending before Judge Friedman and committed to notifying the Court if and when the plaintiff in that action filed additional papers. Plaintiff Arthur filed the attached papers today. Fannie Mae and the individually named defendants in the Arthur action do not intend to file additional papers, so briefing on the issue of whether that action is in fact related to this one is now complete.

Dated: February 4, 2008

        /s/ Michael J. Walsh, Jr.
Jeffrey W. Kilduff (D.C. Bar No. 426632)
Robert M. Stern (D.C. Bar No. 478742)
Michael J. Walsh, Jr. (D.C. Bar No. 483296)
O'Melveny & Myers LLP
1625 Eye Street, N.W.
Washington, DC  20006
T:  202/383-5300
F:  202/383-5414
*Counsel to Nominal Defendant Fannie Mae*

**CERTIFICATE OF SERVICE**

I certify that on February 4, 2008, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following counsel of record in this matter who are registered on the CM/ECF.

                                                              /s/ Michael J. Walsh, Jr.
                                                               Michael J. Walsh, Jr.

# UNITED STATES DISTRICT COURT
# DISTRICT OF COLUMBIA

| | |
|---|---|
| PATRICIA BROWNE ARTHUR, Derivatively on Behalf of FANNIE MAE f/k/a FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>                 Plaintiff,<br><br>  vs.<br><br>DANIEL H. MUDD, ROBERT J. LEVIN, MICHAEL J. WILLIAMS, THOMAS A. LUND, PETER S. NICULESCU, WILLIAM B. SENHAUSER, KENNETH J. BACON, LINDA K. KNIGHT, ROBERT T. BLAKELY, BETH A. WILKINSON, DAVID C. HISEY, STEPHEN M. SWAD, H. PATRICK SWYGERT, STEPHEN B. ASHLEY, JOE K. PICKETT, LESLIE RAHL, JOHN K. WULFF, GREG C. SMITH, BRIDGET A. MACASKILL, DENNIS R. BERESFORD, BRENDA J. GAINES, KAREN N. HORN, LOUIS J. FREEH, JOHN C. SITES, JR., THOMAS P. GERRITY and KENNETH M. DUBERSTEIN,<br><br>                 Defendants,<br><br>  -and-<br><br>FANNIE MAE f/k/a FEDERAL NATIONAL MORTGAGE ASSOCIATION, a Federally chartered corporation,<br><br>                 Nominal Defendant. | Case No. 1:07-cv-02130-PLF |

**PLAINTIFF'S REPLY IN SUPPORT OF HER RESPONSE TO DEFENDANTS' NOTICE OF DESIGNATION OF RELATED CIVIL CASES PENDING IN THIS OR ANY OTHER UNITED STATES COURT**

Plaintiff[1] submits this memorandum in response to Defendants' Notice, seeking to relate this action to the actions styled: (i) *In re Fannie Mae Derivative Litigation*, Case No. 04-cv-1783 (ii) *Kellmer v. Raines, et al.*, Case No. 07-cv-1173; and (iii) *Middleton v. Raines, et al.*, Case No. 07-cv-1221 (collectively, the "Prior Actions") pursuant to Rule 40.5 of this Court.

Despite many arguments, Fannie Mae's brief in support of the Notice misses the point. Rule 40.5 permits this action to be deemed related to the Prior Actions if the actions either "involve common issues of fact" or "grow out of the same event or transaction." They do not. The Prior Actions involve different facts, a different time period, a different board of directors and different wrongdoing than this action. This action, therefore, should not be deemed related to the Prior Actions.

**I.  THE PRIOR ACTIONS DO NOT INVOLVE COMMON ISSUES OF FACT OR GROW OUT OF THE SAME EVENT OR TRANSACTION AS THIS ACTION**

The allegations in the Prior Actions' are separate and distinct from the allegations in this action. This action alleges that, between May 2006 and the present, Defendants caused Fannie Mae to conceal its exposure to the subprime mortgage crisis and improperly authorize a repurchase of $100 million of the Company's shares while its stock was artificially inflated. The Prior Actions do not mention the subprime mortgage crisis. The Prior Actions do not allege that Defendants should have known that Fannie Mae's mortgage portfolio was overvalued because of the emerging subprime mortgage crisis. The Prior Actions do not allege that Defendants wrongfully authorized the repurchase of up to $100 million of the Company's shares. In contrast, the allegations in *all* the Prior Actions center on an accounting scandal that pre-dates the subprime mortgage crisis. *See e.g.*, *Kellmer's* Amended Complaint, ¶¶31, 36, 40, 41 (complaining of conduct that occurred "[p]rior to 2005").

Moreover, while the Prior Actions focus on Defendants' wrongdoing that led up to the Company's restatement, this action is not concerned with the restatement. Plaintiff's allegations do not concern Fannie Mae's past accounting scandal, its restatement or its failure to timely file

---

[1] All capitalized words are as defined in Plaintiff's Response to Defendants' Notice of Designation of Related Civil Cases Pending in This or Any Other United States Court ("Response").

- 1 -

its financials. Rather, Plaintiff's actions grow out of the subprime mortgage crisis – a crisis that the Prior Actions ignore.

Defendants misleadingly claim that plaintiff Kellmer's Amended Complaint "mirrors" Plaintiff's allegations. *See* Notice at 8. Defendants try to support this argument by quoting three paragraphs located under the heading, "Operations of Fannie Mae." *See Kellmer's* Amended Complaint, ¶26. This section of *Kellmer's* Amended Complaint, however, provides background information concerning Fannie Mae's operations, its business risks as a financial institution, how it accounts for its investments, and whether it has adequately quantified its financial risks and earnings. Moreover, contrary to Defendants' argument, Kellmer never alleged that Fannie Mae "did not fully and fairly disclose its exposure to potential losses ***related to changes in the subprime market***." *See* Defendants' Response at 6; *Kellmer's* Amended Complaint, ¶¶28-30. Indeed, *Kellmer's* Amended Complaint does not refer to any recent changes in the subprime market. *See Kellmer's* Amended Complaint, ¶¶28-30. Tellingly, the sections of *Kellmer's* Amended Complaint entitled, "Wrongful Conduct of the Company's Officers and Directors," "Improper Deferral of Income and Expenses to Subsequent Periods" and "Miscellaneous Manipulations" are laden with references to "pre-2005" and "[p]rior to 2005," and contain no references to the subprime mortgage crisis or Fannie Mae's failure to disclose its exposure to this crisis. *See* Kellmer's Amended Complaint at 14-19. In sum, the background information in one of the many related Prior Actions does not demonstrate "common issues of fact."

Also, although Fannie Mae continuously argues that some of the discovery obtained in the Prior Actions may be useful in this action, this is not the test for relatedness. Whether Plaintiff in this action chooses to depose individuals that testified in the Prior Actions is not the standard identified in Rule 40.5. Moreover, the facts, events and wrongdoing that will potentially be the subject of the depositions are different. Although Fannie Mae claims that many Defendants are "being called to testify ***solely*** about their role in Fannie Mae's restatement," *see* Defendants' Response at 2, our Plaintiff is ***not*** concerned with Defendants' role in the accounting that led to the restatement. Notably, Defendants do not claim that the plaintiffs in the

- 2 -

Prior Actions are pursuing or will receive any discovery concerning Defendants' knowledge of the subprime mortgage crisis, how the crisis affected the Company's mortgage portfolio, or the circumstances concerning Defendants' authorization of Fannie Mae's repurchase of $100 million worth of its artificially inflated shares.  This discovery – which goes directly to the heart of this action – does not concern any of the allegations in the Prior Actions.[2]

## II. THE PRIOR ACTIONS DO NOT INVOLVE THE SAME LEGAL ISSUES AS THIS ACTION

Contrary to Fannie Mae's arguments, whether the Prior Actions and this action involve the same threshold legal issues is also not the test.  *See* Rule 40.5.  Therefore, as explained above, this case is not related to the Prior Actions.  Nonetheless, while this action and the Prior Actions do involve the same threshold legal issues, the facts that are necessary to determine the legal issues in this action and the Prior Actions are different.  This is the important factor because many cases throughout this land involve these same legal issues.

First, whether Defendants will once again argue, as they did in the Prior Actions, that a shareholder derivative action cannot be maintained against Fannie Mae is not a reason to deem this action related to the Prior Actions.  This is a legal issue that is likely common to every federally chartered company – and it has nothing to do with any of the facts, events or transactions in these actions. Rule 40.5.  To deem this to be the test would mandate that every shareholder derivative action on behalf of Fannie Mae must be related.

Second, Defendants' anticipated motion to dismiss this action for failure to make a demand would not raise the same legal questions as Defendants' motion to dismiss the Prior Actions for failure to make a demand.[3]  In deciding a motion to dismiss for failure to make a demand, a court must look to the particularized factual allegations in the shareholder derivative complaint.  *See Gaubert v. Fed. Home Loan Bank Bd.*, 863 F.2d 59, 68 (D.C. Cir. 1988); *Wash.*

---

[2] Additionally, to the extent that Defendants claim that certain discovery produced in the Prior Actions may be relevant to this action is correct, Plaintiff agrees to coordinate with the parties to the Prior Actions to minimize any concern about duplicative or burdensome discovery.

[3] Moreover, plaintiffs Kellmer and Middleton in the Prior Actions do not even argue that demand was futile because they both made a demand on Fannie Mae's board before they filed their actions on behalf of Fannie Mae.

*Bancorp. v. Wash.*, Civ. A. No. 88-3111 (RCL), 1989 WL 180755, *7 (D.D.C. Sept. 26, 1989). The particularized allegations in this action concerning demand futility are substantially different from those in the Prior Actions. First, this action involves a different board that is made up of thirteen directors – nine of whom were not directors when the Prior Actions were filed. *See* Plaintiff's Complaint, ¶80. Moreover, the facts and events that need to be considered by this Court to determine whether seven of these thirteen directors are interested and lack independence are different than the facts and events considered in the Prior Actions. Whether demand is futile is a threshold legal issue that is constantly decided in shareholder derivative actions. This common legal issue is not a basis to deem these derivative actions related.

In sum, the fact that Defendants may file motions in this action addressing issues that have been addressed in other cases is insufficient to deem these actions related. Further, this action and the Prior Actions involve different wrongdoing by different defendants, arising out of different events during different time periods. Thus, this action should not be deemed related to the Prior Actions.

### III.  CONCLUSION

Plaintiff respectfully requests that this action not be deemed related to the Prior Actions because the actions do not involve common issues of fact with this action, nor do they grow out of the same event or transaction as this action.

DATED: February 4, 2008

/s/ Gary E. Mason
GARY E. MASON
DC Bar #418073
THE MASON LAW FIRM, LLP
1225 19th Street NW
Suite 500
Washington, DC 20036
Telephone: (202) 429-2290
Facsimile: (202) 429-2294

- 4 -

- 5 -

                    ROBBINS UMEDA & FINK, LLP
                    BRIAN J. ROBBINS
                    MARC M. UMEDA
                    ASHLEY R. PALMER
610 West Ash Street, Suite 1800
San Diego, CA 92101
Telephone: (619) 525-3990
Facsimile: (619) 525-3991

Attorneys for Plaintiff